**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| True Center Gate Leasing, Inc., an Arizona corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Sonoran Gate, L.L.C., an Arizona limited liability company; K-Zell Metals, Inc., an Arizona corporation; Donald Kammerzell and Barbara Kammerzell, husband and wife; Mike O'Conner, an individual,<br><br>　　　　　Defendants. | No. CV-02-1109-PHX-DGC<br><br>**ORDER** |

Defendants K-Zell Metals, Inc. and Sonoran Gate, L.L.C. have filed motions for attorneys' fees and taxable costs. Docs. #199, 206. Plaintiff True Center Gate Leasing, Inc. opposes both motions. Docs. ##227, 228. For the reasons set forth below, the Court will grant K-Zell's fee request in part and deny Sonoran's request. Defendant Mike O'Conner also filed a motion for attorneys' fees (Doc. #204), but that motion has been resolved by the stipulated dismissal of O'Conner from this case. Doc. #233.

**I.　ENTITLEMENT TO ATTORNEYS' FEES.**

　　**A.　K-Zell's motion.**

K-Zell seeks to recover attorneys' fees and non-taxable expenses under three statutes: A.R.S. § 12-341.01, 15 U.S.C. § 1117(a), and 35 U.S.C. § 285. The Court will address each statute separately.

**1.     A.R.S. § 12-341.01**.

This statute provides that "the court may award the successful party reasonable attorney fees . . . [i]n any contested action arising out of a contract, express or implied." A.R.S. § 12-341.01(A). K-Zell argues that it is entitled to recover fees under this statute because True Center asserted a breach of contract claim in its seventh cause of action and K-Zell prevailed on the claim by summary judgment. *See* Doc. #139.[1]

True Center does not dispute that its seventh cause of action asserted a claim for breach of contract, nor that the Arizona statute applies to breach of contract claims asserted pursuant to this Court's supplemental jurisdiction. 28 U.S.C. § 1367. Instead, True Center makes a number of arguments that the Court cannot accept.

First, True Center argues that the contract in question was not between True Center and K-Zell, that the attorneys' fees provision in the contract applies only to claims in arbitration and mediation, and that the breach of contract claim was frivolous and could have subjected True Center's prior counsel to Rule 11 sanctions. The Court finds each of these arguments merciless: True Center alleged that the contract was binding between it and K-Zell and cannot escape liability for attorneys' fees by disavowing that claim; True Center chose to file this lawsuit in court rather than seeking arbitration or mediation under the contract; and True Center cannot avoid responsibility by claiming that its contract claim was frivolous – if anything, that argument weighs in favor of an award of fees.

Second, True Center argues that the attorneys' fees question was decided against K-Zell in a previous order and is law of the case. This argument is equally meritless. The Court's previous order held only that *True Center's* claim for attorneys' fees did not create a sufficient case or controversy to preserve this Court's jurisdiction. Doc. #196. The order said nothing about K-Zell's right to recover fees. *Id*.

---

[1] K-Zell also argues that it is entitled to recover fees under the contract itself. This argument is complicated by the parties' dispute as to the validity and applicability of the contract. The Court's grant of fees under § 12-341.01 makes it unnecessary to resolve these issues.

- 2 -

Third, True Center argues that fees cannot be recovered under § 12-341.01 because the essential issues in this case are unrelated to any contract between the parties. True Center cannot deny, however, that its seventh cause of action was premised entirely on an alleged breach of contract by K-Zell. This claim, at least, clearly arose out of contract.

The Court concludes that True Center's contract claim falls squarely within the Arizona statute. The Court will consider below what portions of K-Zell's fees are recoverable under § 12-341.01.

**2.     15 U.S.C. § 1117(a)**.

Plaintiff's first and second causes of action were brought under the Lanham Act. That statute provides that attorneys' fees may be granted in "exceptional cases." 15 U.S.C. § 1117(a). The Ninth Circuit has held that "[f]ees under the Lanham Act are appropriate '[w]hen a plaintiff's case is groundless, unreasonable, vexatious, or pursued in bad faith.'" *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) (quoting *Stephen W. Boney, Inc. v. Boney Servs., Inc.*, 127 F.3d 821, 827 (9th Cir. 1997)). K-Zell argues that it is entitled to recover its fees under this statute because True Center's Lanham Act claims were groundless. The Court does not agree.

The Court granted summary judgment in K-Zell's favor on True Center's Lanham Act claims, but did not conclude that they were groundless in the sense intended by the Lanham Act attorneys' fees provision. The Court found that True Center had not produced evidence of a false statement of fact made in a commercial setting, and rejected True Center's argument that K-Zell's marketing of a gate similar in design to True Center's constituted implicit false advertising. The alleged similarity between the True Center and K-Zell gates, and True Center's contention that the marketing of such gates by K-Zell impliedly represented that K-Zell had invented the gates, provided at least a colorable basis for the claims.

Congress limited attorneys' fee awards to a narrow class of Lanham Act cases – those involving "exceptional" circumstances. The Ninth Circuit has explained that "'[e]xceptional' cases include 'bad faith or other opprobrious conduct.'" *McClaran v. Plastic Indus., Inc.*,

1  97 F.3d 347, 364 (9th Cir. 1996) (quoting *Transgo, Inc. v. Ajac Transmission Parts Corp.*,
2  768 F.2d 1001, 1026 n. 2 (9th Cir. 1985)).  The Court cannot conclude that True Center's
3  Lanham Act claims constituted bad faith or other opprobrious conduct, notwithstanding the
4  fact that the Court dismissed them by summary judgment.  As a result, the Court concludes
5  that this case does not fall within the narrow class of cases in which attorneys' fees awards
6  are appropriate under the Lanham Act.

7  **3.   35 U.S.C. § 285**.

8  Much like the Lanham Act, this statute permits the Court to award fees to prevailing
9  parties in "exceptional" patent cases.  The Ninth Circuit has explained that such fees should
10 be awarded when the case is "extraordinary," and "should be based upon a finding of
11 unfairness or bad faith in the conduct of the losing party, or some other equitable
12 consideration of equal force, which makes it grossly unjust that the prevailing party be left
13 to bear the burden of his own counsel fees." *Purer & Co. v. Aktiebolaget Addo*, 410 F.2d
14 871, 880 (9th Cir. 1969).  For two reasons, the Court concludes that K-Zell is not entitled to
15 recover fees under this statute.

16 First, K-Zell is not the "prevailing party" on the patent claim.  The Court never
17 reached the merits of the patent claim.  Rather, the Court dismissed this action for lack of
18 jurisdiction when K-Zell, at the beginning of trial, provided an unconditional covenant not
19 to sue to True Center.  Doc. #196.  The Court found that it had no jurisdiction to continue
20 with the trial and dismissed the action without resolving the patent dispute.  K-Zell did not
21 obtain a favorable ruling on the validity of its patents and did not defeat True Center's
22 invalidity claims on the merits.  The Court concludes, for this reason, that K-Zell is not the
23 prevailing party within the meaning of the patent statute.

24 Second, the Court cannot conclude that the patent claims were brought in bad faith.
25 The Court never had an opportunity to address the merits of the claims.  Although K-Zell
26 argues that other portions of the litigation were conducted in bad faith, the attorneys' fee
27 provision in question applies only to the patent claims and K-Zell has not demonstrated that
28 those claims were asserted in bad faith or were the result of other inequitable conduct.

- 4 -

1  The Court accordingly concludes that K-Zell is not entitled to recover attorneys fees
2  under 35 U.S.C. § 285.

3  **B.    Sonoran Gate's Motion**.

4  True Center asserted four claims against Sonoran Gate: false advertising and
5  trademark dilution under the Lanham Act, common law trademark infringement, and
6  violation of the Arizona trade secrets statute. Sonoran's motion seeks fees under 15 U.S.C.
7  § 1117(a) and A.R.S. § 44-404.

8  As noted above, attorneys' fees under § 1117(a) can be awarded only in exceptional
9  cases where the opposing party has been guilty of "bad faith or other opprobrious conduct."
10 *McClaran*, 97 F.3d at 364 (citations and quotations omitted). For the reasons explained
11 above, the Court concludes that True Center's Lanham Act claims do not satisfy this
12 requirement. Sonoran, like K-Zell, cannot recover fees under this narrow provision.

13 Attorneys' fees may be recovered under A.R.S. § 44-404 only if the trade secret claim
14 was made in bad faith or the opposing party was guilty of willful and malicious
15 misappropriation. *See* A.R.S. § 44-404(1)-(3). Sonoran has made no attempt to show that
16 True Center's conduct satisfies this standard. Sonoran's motion merely incorporates by
17 reference the arguments made in K-Zell's motion, and K-Zell made no claim for attorneys'
18 fees under § 44-404. Thus, Sonoran has presented the Court with no basis for concluding
19 that the statutory requirement has been satisfied. The Court will deny Sonoran's motion.

20 **II.   AMOUNT OF ATTORNEYS' FEES TO BE AWARDED K-ZELL**.

21 K-Zell has provided the Court with an affidavit by its lead counsel concluding that
22 $92,278.00 in attorneys' fees and $4,687.23 in related non-taxable costs are attributable to
23 True Center's claim for breach of contract. Doc. #226, Ex. W, ¶ 15. This estimate is based
24 on counsel's review of the itemized billing statements attached to the affidavit and includes
25 not only work performed on the breach of contract claim, but also work that overlapped the
26 defense of other claims. *Id.*

27 True Center does not address this assertion, does not discuss the itemized billing
28 statements submitted by K-Zell, and does not otherwise attempt to estimate the defense fees

- 5 -

1 attributable to its breach of contract claim.  Rather, True Center counts the number of times
2 the specific contract at issue was mentioned in three depositions, finding that it was
3 mentioned on only 3 to 4.7% of the deposition pages.  Doc. #228 at 10.  From this, True
4 Center argues that the attorney time devoted to the contract claim was "infinitesimal."  *Id*.
5 While creative, this analysis does not respond to the affidavit of K-Zells' counsel and does
6 not address K-Zell's billing statements or the amount of work they reflect.  Moreover,
7 specific mention of the contract in deposition transcripts does not reflect the amount of time
8 devoted to contract and contract-related issues in the depositions themselves, much less the
9 time spent on other necessary defense activities such as witness interviews, document
10 production and review, written discovery, researching and drafting motions, client
11 conferences, correspondence, and hearings.

12 Because True Center has not provided an analysis of K-Zell's requested attorneys'
13 fees, and has specifically failed to address the estimate by K-Zell's counsel of the amount of
14 time devoted to the breach of contract issues, the Court concludes that K-Zell has provided
15 the more reasonable estimate of fees and non-taxable costs incurred in defending against the
16 contract claim.  The Court has conducted its own review of the billing statements submitted
17 by K-Zell and cannot conclude that the estimate of its counsel is unreasonable, particularly
18 given the overlap between True Center's contract claims and its numerous other common law
19 and statutory claims.  True Center also fails to address K-Zell's claimed non-taxable
20 expenses of $4,687.23, an amount the Court finds reasonable.

21 The Court has considered the factors necessary for an assessment of attorneys' fees
22 under § 12-341.01.  *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz.
23 1985).  In reviewing these factors, the Court does not conclude that True Center's contract
24 claim was so meritorious as to suggest that K-Zell's motion should be denied.  Nor does the
25 Court conclude that the litigation could have been avoided or settled (the parties attempted
26 unsuccessfully to settle), that assessing fees against True Center would cause an extreme
27 hardship, or that awarding fees would discourage other parties from asserting meritorious
28 claims.  *Id.*  The Court also concludes that the hourly fees charged by K-Zell's attorneys and

1  the number of hours incurred for the defense of this case are reasonable. *Id.*

2  Finally, K-Zell seeks to recover an estimated $7,500.00 in fees incurred in litigating
3  its motion for attorneys' fees. The Ninth Circuit has held that "'[i]t would be inconsistent
4  to dilute an award of fees by refusing to compensate an attorney for time spent to establish
5  a reasonable fee.'" *Kinney v. IBEW*, 939 F.2d 690, 695 (9th Cir. 1991) (quoting *Manhart v.*
6  *City of Los Angeles Dept. of Water and Power*, 652 F.2d 904, 909 (9th Cir. 1981)). True
7  Center does not address this issue. Because K-Zell has not been successful in obtaining all
8  of the fees it requested, the Court will award only $5,000.00 for its fee application efforts.

9  **III.  CONCLUSION**.

10  For the reasons set forth above, the Court awards K-Zell $92,278.00 in attorneys' fees
11  incurred in defending against True Center's contract claim, $4,687.23 in related non-taxable
12  expenses, and $5,000.00 in fees incurred in pursuing this award.

13  **IT IS ORDERED:**

14  1.  K-Zell's motion for attorneys' fees and costs (Docs. #206, 226) is **granted in**
15  **part and denied in part** as set forth above.

16  2.  Sonoran Gate's motion for attorneys' fees and costs (Doc. #199) is **denied**.

17  3.  K-Zell is directed to submit a proposed final judgment, applying to all
18  remaining parties in this case, within 20 days of the date of this order.

19  DATED this 19th day of April, 2006.

David G. Campbell
United States District Judge